IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LAMAR GRADDY,

    Petitioner,

v.    CASE NO. 5:13-cv-317-WS-GRJ

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 1995 Calhoun County conviction for one count of robbery and one count of resisting an officer without violence. (Doc. 1.) Pending before the Court is Respondent's motion to dismiss the Petition as time-barred. (Doc. 11.) Petitioner filed his response on August 7, 2014, Doc. 20, and the motion to dismiss is now ripe for consideration. Upon due consideration of the motion to dismiss and the state-court record, the Court recommends that the motion to dismiss be granted.[1]

## Discussion

**A.  *Petitioner's Writ of Habeas Corpus is Barred by the One-Year Limitations Period of AEDPA***

The Petition Under 28 U.S.C. § 2254 by a Person in Custody Pursuant to a State Court Judgment must be dismissed as untimely because Petitioner filed the petition

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

thirteen years too late and there are no reasons to avoid the one year statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period for a prisoner to seek federal habeas corpus review of his conviction. 28 U.S.C. § 2244(d). The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

The procedural history of the case is as follows. Petitioner was convicted of one count of armed robbery and one count of resisting an officer without violence following his jury trial on September, 22, 1995. (Doc. 11-1 at 38.) He was sentenced on October 9, 1995 to life imprisonment with 108 days credit for time served. (Doc. 11-2 at 13-14.) After Petitioner appealed, the First DCA affirmed his judgment and sentence on February 3, 1997; the court denied a rehearing on March 11, 1997. (Doc. 11-2 at 133-34; Doc. 11-3 at 3). The First DCA issued its mandate on March 31, 1997. (Doc. 11-3 at 5.) The State then sought to invoke the discretionary jurisdiction of the Florida Supreme Court. (Doc. 11-3 at 9-10.) In response, the Florida Supreme Court accepted jurisdiction on July 8, 1997. (Doc. 11-3 at 46); *State v. Graddy*, 697 So. 2d 1218 (Fla. 1997). However, the Florida Supreme Court then issued an order on January 21, 1998, determining the court was without jurisdiction. (Doc. 11-3 at 114); *State v. Graddy*, 705

So. 2d 571 (Fla. 1998). Petitioner's conviction became final 90 days later, on April 21, 1998, when the time for filing a petition for a writ of *certiorari* in the Supreme Court expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek *certiorari* in Supreme Court after direct review in state courts).

On April 22, 1997, Petitioner filed his first Motion to Correct Illegal Sentence pursuant to Rule 3.8000(a). (Doc. 11-3 at 120-32.) The trial court denied the motion and the First DCA affirmed per curiam. (Doc. 11-3 at 139, 147.) The First DCA issued its mandate on February 17, 1998. (Doc. 11-3 at 149.) Petitioner filed this motion before the conviction became final, so it does not toll the limitations period.

The one-year limitations period began on April 21, 1998 and was tolled on February 5, 1999, pursuant to Petitioner's filing of a Motion for Post-Conviction Relief under Rule 3.850 of the Florida Rules of Criminal Procedure. (Doc. 11-3 p. 156-79.) The trial court denied the motion and the First DCA affirmed per curiam on June 30, 2000. (Doc. 11-3 at 192-93, 248.) The limitations period remained tolled until July 26, 2000, when the First DCA issued its mandate. (Doc. 11-3 at 250.) The limitations period then ran its remaining 77 days, untolled, and expired on October 11, 2000.

After October 11, 2000, Petitioner continued to file post-conviction actions, but these filings did not operate to toll the limitations period. *See Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Accordingly, the instant Petition for Writ of Habeas Corpus, which was provided to the Florida Department of Corrections on September 16, 2013, was filed almost *thirteen years* after the AEDPA statute of limitations expired and

should be dismissed as untimely unless Petitioner can demonstrate either entitlement to equitable tolling or some other exception to the limitations period.

To that end, Petitioner makes no claim that he is entitled to equitable tolling of AEDPA's statute of limitations.  Furthermore, nothing in the record discloses that Petitioner should be given the benefit of the extraordinary remedy of equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-13 (2005)(stating that only extraordinary circumstances justify the remedy of equitable tolling); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011)("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.").  Petitioner has not advanced any reason that the limitations period for filing a writ of habeas corpus should be tolled for 13 years and, therefore, he is not entitled to equitable tolling

*B.   The "Actual Innocence" Exception to the Limitations Period Does Not Apply*

Although Petitioner filed his writ of habeas corpus thirteen years too late, he contends he is entitled to do so under the "actual innocence" exception to the one-year statute of limitations.  *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1928 (2013). Petitioner alleges that he is serving a life sentence for a crime that he is "actually innocent" of committing. (Doc. 1 at 3., Doc. 20 at 2.)  He states that because the jury did not specifically find that he possessed a firearm during the robbery, he must be innocent of his conviction of first degree robbery with a firearm.  *Id.* There are a number of fundamental problems with Petitioner's claim of actual innocense.

As a threshold matter, Petitioner argues that he is innocent of first degree robbery because the jury did not specifically find that he carried a firearm while

committing the robbery. The problem with this assertion is that Petitioner's position is contradicted by the jury verdict, which found him guilty of robbery with a firearm as charged. (Doc. 11 at 53.) Thus, there is no merit to Petitioner's position.

In addition to the fact that the jury actually found him guilty of robbery with a firearm, Petitioner's argument fails for additional reasons. First, to the extent that Petitioner is making a free standing claim of actual innocense – as opposed to using actual innocense as a gateway to get around the one year statute of limitations – a free standing claim of actual innocense is not recognized as a valid claim for habeas relief. *Herrera v. Collins*, 506 U.S. 390 (1993). Federal habeas review is directed at constitutional violations occurring in underlying state criminal proceedings, not factual errors in the conviction. *Id.* at 417. Thus, insofar as Petitioner asserts a free-standing claim of innocence, his claim is due to be denied.

Alternatively, to the extent that Petitioner claims under *McQuiggan*, 133 S.Ct. at 1934 that he is "actually innocent" as a gateway to bypass the one-year statute of limitations for federal habeas review his claim, nonetheless, fails. To invoke the "actual innocence" exception to the AEDPA's one-year time limit, Petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has failed to meet this standard because, among other reasons, he has failed to provide any evidence – let alone new evidence -- that would suggest his innocence. *See Rozzelle*, 672 F.3d at 1011.

More importantly, Petitioner misconstrues the concept of actual innocense. Actual innocense does not mean legal insufficiency of his conviction but rather factual innocense. *McKay v. U.S.*, 657 F.3d 1190, 1197 (11th Cir. 2011). Petitioner's assertion that the jury did not make a factual finding that he possessed a firearm is a claim of legal insufficiency of his conviction and not a claim of factual innocence. The actual innocence exception does not extend to a petitioner, as here, who committed the crime and whose alleged actual innocence is premised on being guilty of only a lesser degree of the crime. *See Rozzelle,* 672 F.3d at 1015.

Accordingly, because Petitioner cannot articulate a set of facts that would satisfy the actual innocence exception, Petitioner cannot demonstrate that he is entitled to avoid the bar of the one year statute of limitations.

## C.     The Court should Deny a Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The Court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the

Court recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

In light of the foregoing, it is respectfully **RECOMMENDED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely, Doc. 11, should be **GRANTED**, the petition for writ of habeas corpus, Doc. 1, should be **DISMISSED** and a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 16th day of September 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.